2025 IL App (1st) 231935
No. 1-23-1935
Order filed March 28, 2025

FIFTH DIVISION

**NOTICE**: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| v. | ) | 21 CR 00239 |
| JAMINE MELTON, | ) | The Honorable Stanley J. Sacks, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Justices Mitchell and Navarro concurred in the judgment.

**ORDER**

¶ 1 *Held*: Affirmed. We are not persuaded by defendant's sole argument that our state's aggravated unlawful use of a weapon statute is facially unconstitutional under the U.S. Supreme Court's opinion in *New York State Rifle and Pistol Association, Inc. v. Bruen*, due to the alleged lack of a historical analog, where the U.S. Supreme Court has found that prohibitions on firearm possession by felons like defendant is, and has been, presumptively valid, and the Illinois statutory scheme was specifically cited with approval by the *Bruen* court.

¶ 2 Defendant Jamine Melton appeals from the summary first-stage dismissal of his postconviction petition. For the following reasons, we affirm.

¶ 3 BACKGROUND

¶ 4 On December 23, 2020, defendant Jamine Melton was charged by information with several counts, including aggravated unlawful use of a weapon (AUUW). The AUUW charge in count 1, if imposed, carried a minimum sentence of three years with the Illinois Department of Corrections. Defendant accepted the trial court's offer, after a 402 conference, to plead guilty to that count and receive the minimum sentence.

¶ 5 On September 22, 2022, defendant pled guilty to count 1 of the information, which was a Class 2 AUUW, with a sentencing range of three to seven years. The court read the count which charged defendant with AUUW, in that he knowingly carried on or about his person, an uncased, loaded and immediately accessible firearm, at a time when he was not in possession of a valid concealed-carry card and when he had a prior conviction for aggravated vehicular hijacking. After pleading guilty to this charge, defendant did, in fact, receive the agreed-upon sentence of three years. The trial court then informed him that, if he wanted to appeal, he had to first file a motion to vacate his plea within thirty days. Defendant chose not to file either a motion to vacate or a direct appeal.

¶ 6 Less than a year after his guilty plea, defendant filed on July 21, 2023, a document titled "Postconviction Petition/Petition to Vacate a Void Conviction." The one document stated that it was both "[1] a Postconviction Petition filed pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq*.) and [2] a Petition to Vacate a void conviction filed pursuant to 735 ILCS 5/2-1401." Defendant's petition stated, among other things, that " [a]ggravated unlawful use of a weapon, under 720 ILCS 5/24-1.6(a)(1), (a)(3)(A), and (d) was

found to be facially unconstitutional under the Second Amendment, so the conviction is a void conviction and can be contested at any time in any court." Defendant sought immediate release from custody.

¶ 7        As reflected in a transcript for August 3, 2023, the trial court stated that it had received from defendant a "PC combined 1401" which the court said it thought was "really a 1401." A letter to defendant indicates that defendant's "Petition/Motion writ of Habeas Corpus" was denied on August 3, 2023.

¶ 8        On August 17, 2023, the trial court received from defendant a "Petition for Writ of Habeas Corpus Ad Testificandum" which was filed the next day. The half-sheet indicates that, on August 28, 2023, the trial court granted a motion by the State to dismiss defendant's section 2-1401 petition.[1] The "Case Summary" indicates that a habeas corpus petition was denied on both August 28 and September 22, 2023.

¶ 9        In a transcript for August 28, 2023, the trial court stated:

"He's requesting a writ of habeas corpus, a writ to bring him to court, for his 2-1401 petition.

The 2-1401 petition is frivolous. It was filed June 21st. It's more than 30 days. I can rule on it at this point myself.

It's a motion to vacate a prior conviction. The prior conviction in this case was aggravated hijacking with a gun and now with a gun. The prior conviction makes it a Class 2. So the motion to vacate the conviction is denied. Motion for habeas is also denied. Defendant to be notified."

---

[1] The "Case Summary" indicated that on August 28, 2023, a "Post-Conviction Petition [was] Denied."

However, the matter was recalled, because the trial judge remembered that he had been given an "oral motion to dismiss." Thus, the judge orally amended his prior ruling to now state: "State's motion to dismiss is granted. Motion for habeas corpus, to be present in court, is denied."

¶ 10     As reflected in the transcript for September 22, 2023, the trial court observed that defendant had "filed two things," namely, a section 2-1401 petition to vacate a judgment and "a petition for a writ of habeas corpus, to bring him to court." After denying the habeas petition, the trial court stated:

> "The other motion he's filed is a motion under 2-1401, to vacate a conviction based on the so-called Aguilar case, A-g-u-i-l-a-r. His prior conviction was not for a gun charge. He pled guilty *** on a three-year sentence, agg UUW [*sic*] based on a prior conviction for aggravated vehicular hijacking. So it's not an Aguilar situation in any event.
>
> Here's the problem with—it's less than 30 days from today's date—it's less than 90 days, whatever the law is. The Court sua sponte dismisses the matter of Jamine Melton, 1401. Assuming that the charge is actually a gun charge based on a conviction for aggravated hijacking, it doesn't state any basis for relief.
>
> The Court dismisses the petition sua sponte. It's based on the pleadings, that something was being proved. It does not say the basis of relief and it's a matter of law. It doesn't say the causes of action and, therefore, there's no basis of relief for Melton."

Lastly, the trial court stated that it was basing its decision on the Illinois Supreme Court case of *People v. Vincent*, 226 Ill. 2d 1 (2007). In *Vincent*, the supreme court held that a trial court may dispose of a properly served section 2-1401 petition (735 ILCS 5/2-1401 (West 2002))

without benefit of responsive pleadings and without giving the petitioner notice of the impending ruling or the opportunity to address the court prior to ruling. *Vincent*, 226 Ill. 2d at 5, 9-13.

¶ 11     A handwritten order, entered by the trial court on September 22, 2023, states in full:

"Melton's Petition for Writ of Habeas Corpus Ad Testificandum" is Denied.

Melton's Petition for Relief pursuant to 2 § 1401 is Dismissed, *sua sponte* pursuant to *People v. Vincent*, [cite]. The petition is not entitled to relief as a matter of law.

To the extent that petitioner claims relief pursuant to Post Conviction Hearing Act, that is deemed as being [frivolous] and patently without merit."[2]

¶ 12     Defendant timely filed a *pro se* notice of appeal on October 12, 2023, stating that "[a] conviction procured by unconstitutional statute [renders] the judgement void."[3]

¶ 13                                         ANALYSIS

¶ 14     In his appellate brief, defendant states that he is appealing the trial court's summary first-stage dismissal of a postconviction petition.

¶ 15     The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020) provides a statutory remedy for criminal defendants who claim their constitutional rights were violated in the trial court. *People v. Edwards*, 2012 IL 111711, ¶ 21. It is not a substitute for appeal but, rather, a collateral proceeding that attacks a final judgment. *People v. Ealy*, 2024 IL App (1st) 221748, ¶ 30.

---

[2] Similarly, the Case Summary states that on September 22, 2023, defendant's postconviction petition was summarily dismissed at the first stage as "without merit and frivolous." The half-sheet entry for September 22, 2023, states that the court "dismisses his petition filed pursuant to 2 § 1401" and that, "to the extent" that it may also be considered a postconviction petition, "it is denied as being frivolous."

[3] The word "judgement" is spelled with an "e" in the original. That is not a misspelling in the quote.

¶ 16    The Act provides for three stages of review by the trial court. *People v. Domagala*, 2013 IL 113688, ¶ 32.  At the first stage, the trial court may summarily dismiss a petition only if it is frivolous and patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2020); *Domagala*, 2013 IL 113688, ¶ 32. At the second stage, counsel is appointed if a defendant is indigent and unrepresented by counsel. 725 ILCS 5/122-4 (West 2020); *Domagala*, 2013 IL 113688, ¶ 33. After counsel determines whether to amend the petition, the State may file either a motion to dismiss or an answer to the petition. 725 ILCS 5/122-5 (West 2020); *Domagala*, 2013 IL 113688, ¶ 33. If a defendant makes a "substantial showing" at the second stage, then the petition advances to a third-stage evidentiary hearing. *Domagala*, 2013 IL 113688, ¶ 34. When no evidentiary hearing was held, as in the case at bar, a reviewing court's standard of review is *de novo*. *Ealy*, 2024 IL App (1st) 221748, ¶ 35; *People v. Sanders*, 2016 IL 118123, ¶ 31. *De novo* consideration means that we perform the same analysis that a trial judge would perform. *People v. Carrasquillo*, 2020 IL App (1st) 180534, ¶ 107.  Both parties here agree that our standard of review is *de novo*.

¶ 17    In his appellate brief, defendant raises one issue for our consideration:  whether under *New York State Rifle & Pistol Association Inc. v. Bruen*, 597 U.S. 1 (2022), section 24-1.6(a)1), (3)(A-5) of the AUUW statute (720 ILCS 5/24-1.6(a)(1), (3)(A-5) (West 2020) violates the second amendment on its face, where there is allegedly no historical analog for the AUUW's statutory requirement that individuals be issued a license under the Firearm Concealed Carry Act before they can exercise their right to carry a firearm.

¶ 18    However, since *Bruen*, the United States Supreme Court has noted that prohibitions on the possession of firearms by felons, such as defendant, are, and have been, presumptively lawful. *U.S. v. Rahimi*, 602 U.S. 680, 699 (2024). This negates defendant's argument that there

is no historical analog for a statutory requirement that individuals be issued a concealed-carry license before carrying a firearm. In addition, this division has recently held that the second amendment's right to bear arms does not apply to felons such as defendant. *People v. Boss*, 2025 IL App (1st) 221855, ¶ 33. Further, the United States Supreme Court in *Bruen* specifically cited the Illinois concealed-carry statutory scheme with approval. *Bruen*, 597 U.S. at 13 n. 1.

¶ 19                                            CONCLUSION

¶ 20        Since we do not find persuasive the one issue raised by defendant on appeal, we affirm the trial court's summary first-stage dismissal of his postconviction petition.

¶ 21        Affirmed.